In the Matter of the Estate of JAMES CLYNES, Deceased.— The executor of the last will and testament of James Clynes has appealed from a decree of the Surrogate's Court, Tompkins county, adjudging that Peter Maloney, the claimant, recover from the estate of the decedent the sum of $252 and attorney's fees. Claimant presented to the estate of the decedent a bill for work, labor and services amounting to $969.38.   Claimant was a nephew of the testator.    The surrogate found that between November 20, 1930, and September 3, 1932, claimant rendered services to the decedent and is entitled to recover upon such claim the sum of $252. There is evidence to sustain the finding of the surrogate. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE GERRITY, Appellant.— Defendant has appealed from a judgment of the Schenectady County Court convicting him of the crime of embracery. The indictment charged defendant with attempting to improperly influence a juror summoned for a Trial Term of the Supreme Court held in and for Schenectady county in violation of section 376 of the Penal Law. Testifying on his own behalf, defendant admitted having had two interviews with the juror, whom it is alleged he attempted to improperly influence, at the latter's home. On one of the occasions defendant testified that he said to this juror: " Are you working now?"   The juror said: " Yes, on the P. W. A. job."   The juror then said: " At the present time I am on the jury." Defendant then said to him: " You will have a chance now to see that justice is served; to see that the insurance companies won't get away with murder the way they have been, so far as verdicts are concerned."   The evidence sustains the verdict of the jury finding defendant guilty. Alleged errors occurring on the trial do not affect the substantial rights of defendant and are disregarded under the provisions of section 542 of the Code of Criminal Procedure.   Judgment of conviction unanimously affirmed.   Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.